# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 24-30223
_____

Frisard's Transportation, L.L.C.; Louisiana Motor Transport Association, Incorporated; A & B Group, Incorporated; Triple G Express, Incorporated; Northlake Moving and Storage, Incorporated,

Plaintiffs - Appellants

v.

United States Department of Labor; Julie A. Su, in her official capacity as Acting Secretary, U.S. Department of Labor; Jessica Looman, in her official capacity as Administrator of the Wage and Hour Division; and United States Department of Labor, Wage and Hour Division,

Defendants - Appellees

_____

On Appeal from the United States District Court
for the Eastern District of Louisiana
Case No. 2:24-cv-00347-L Honorable Eldon E. Fallon

_____

**APPELLANTS' REPLY BRIEF**

| | |
|---|---|
| M.E. Buck Dougherty III | James S. Baehr |
| Reilly Stephens | Sarah Harbison |
| Liberty Justice Center | Pelican Center for Justice |
| 13341 W. U.S. Hwy. 290, Bldg. 2 | 400 Poydras Street, # 900 |
| Austin, Texas 78737 | New Orleans, LA 70130 |
| Telephone (512) 481-4400 | Telephone (504) 475-8407 |
| bdougherty@libertyjusticecenter.org | james@pelicaninstitute.org |
| rstephens@libertyjusticecenter.org | sarah@pelicaninstitute.org |
| *Attorneys for Plaintiffs-Appellants* | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION .................................................................................................1

REPLY ...................................................................................................................2

 I. The 2024 Rule will cause Plaintiffs irreparable harm, entitling them to preliminary injunctive relief. ............................................2

 II. The remaining preliminary injunction factors are before the Court, and this Court may render a preliminary injunction to set aside the 2024 Rule. ............................................................... 12

CONCLUSION ................................................................................................... 13

CERTIFICATE OF SERVICE ............................................................................ 14

CERTIFICATE OF COMPLIANCE .................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Alabama Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, (2021) ................. 3, 12

*Boudreaux v. La. State Bar Ass'n*, 86 F.4th 620 (5th Cir. 2023) .............. 12

*Castillo v. Givens*, 704 F.2d 181 (5th Cir. 1983) ....................................... 6

*City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ............................. 4

*Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024) ....................... 7

*Nemer Jeep-Eagle*, 992 F.2d at 435 ........................................................ 11

*Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp.*, 992 F.2d 430, (2d Cir. 1993) ....................................................................................................... 3

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ................................................... 4

*Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979) ....................................................................................................... 5

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) ............................... 10

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014) ......................... 4

*Texas v. EPA*, 829 F.3d 405 (5th Cir. 2016) ......................................... 3, 12

*United States v. Silk*, 331 U.S. 704 (1947) ................................................ 6

*Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308 (5th Cir. 1976) ..................... 6

*Wages v. White Lions Invs., L.L.C.*, 16 F.4th 1130 (5th Cir. 2021) ...... 8, 12

**Rules**

Fed. R. Civ. P. 65 ......................................................................................... 9

**Other Authorities**

89 Fed. Reg. 1638 .............................................................................. passim

## INTRODUCTION

Defendants' response almost entirely fails to address substantively the arguments Plaintiffs articulated in their opening brief. Indeed, the phrase "arbitrary and capricious" appears only once in their brief—in the statement of facts. DOL Br. at 13. "Reliance interests" fares even worse and does not appear in the DOL's brief. And at no point do Defendants rebut what is actually at issue: their failure to consider reliance interests *as a part of the rulemaking*. *See* Opening Br. at 29-30.

Instead, Defendants bizarrely attempt to manufacture a series of mostly procedural hurdles that would prevent this Court from getting to the merits, which they apparently do not wish to defend and clearly do not wish to discuss.

Plaintiff transportation companies hereby submit this reply to Defendants' brief to clarify what they muddy. And to reiterate that the record reflects Plaintiffs will incur substantial financial injury with no guarantee of eventual recovery from the 2024 Rule—which comports with DOL's estimated compliance costs of $148,000,000 in the Rule's first year. Plaintiffs are entitled to a preliminary injunction because they showed the 2024 Rule would cause them irreparable harm.

# REPLY

## I. The 2024 Rule will cause Plaintiffs irreparable harm, entitling them to preliminary injunctive relief.

Defendants object to Plaintiffs' attempt to seek preliminary injunctive relief, DOL Br. at 15-16, but this is precisely the sort of situation preliminary relief exists to address. As Plaintiffs explained in their opening brief, they will incur substantial financial injury with no guarantee of eventual recovery as a result of the 2024 Rule. *See* Opening Br. at 31-32.

Contract transportation services from independent owner-operator truckers are a core feature of Plaintiffs' business. And the 2024 Rule is an explicit attempt to curtail their ability to continue operating using their established business model by significantly increasing the number of contractors who must now be classified as employees. At this stage of the litigation, Plaintiffs are entitled to rely on their well-pled allegation supported by declarations—consistent with the text of the 2024 Rule and no opposing counter-declarations—that the 2024 Rule will "upend [their] business operations, increasing costs, depriving truckers of the opportunity to operate independently within their own business, and potentially driving many of the independent contractors [they rely] on

out of business, or into different lines of business other than [their] business, depriving [them] of needed manpower to deliver cargo wherever [their] clients need it delivered." ROA.128, 131-32, 136, 139-40, 144. Plaintiffs' showing of irreparable harm is consistent with the DOL's estimated compliance costs of $148,000,000 in the 2024 Rule's first year. 89 Fed. Reg. 1638, 1733.

This significant new regulation of their business operations is a cognizable injury for which they are entitled to seek relief. *Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp.*, 992 F.2d 430, 435 (2d Cir. 1993) ("Major disruption of a business can be as harmful as termination, and a threat to the continued existence of a business can constitute irreparable injury.") (internal quotation marks omitted). The U.S. Supreme Court and Fifth Circuit have held that "substantial financial injury" may be "sufficient to show irreparable injury," especially when there is "no guarantee of eventual recovery." *Texas v. EPA*, 829 F.3d 405, 433 (5th Cir. 2016); *Alabama Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, 2489 (2021). And "complying with a regulation later held invalid almost always produces irreparable harm of nonrecoverable compliance costs." *Texas v. EPA*, 829 F.3d at 433.

The cases Defendants cite to support the idea that Plaintiffs' claim here is somehow conjectural are inapposite—indeed, none of them are even APA cases. DOL Br. at 23-24. For example, the *Lyons* case rejected the unlikely possibility that the plaintiff would be personally subjected to a chokehold by police in the future—an unusual occurrence unlikely to repeat itself. As the *Lyons* Court explained, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488 (1974)). But this is not a case about past illegal conduct with no continuing adverse effects. Rather, this is a case about current and ongoing policy that Defendants have every intention of enforcing because DOL promulgated the 2024 Rule "to rescind and replace the 2021 IC Rule," 89 Fed. Reg. at 1639. Opening Br. at 7. In other words, the very reason the 2024 Rule exists is because DOL wanted to enforce it by doing away with the 2021 Rule.

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014), is likewise a case about the criminalization of speech, not economic regulation. But even assuming arguendo that it is relevant, it actually

4

supports Plaintiffs here: the court there found that the plaintiffs' concern that the law might one day be used against them was credible, even though no one could predict whether a criminal prosecution would definitely be brought. Plaintiffs' injury here is far less speculative—Plaintiffs' business operations are certainly going to be subjected to FLSA compliance. And as is true here the *Driehaus* Court found it important that complaints could be initiated by private parties, which meant that one couldn't rely on the good faith or good judgment of prosecutors not to bring censorious and abusive cases—any member of the public could do so, just as any worker can file an FLSA claim here.

Defendants continue to insist that the 2024 Rule was intended to make regulations consistent with precedent, DOL Br. 24-26, but in fact the 2024 Rule is *inconsistent* with the governing precedent in *this* circuit. True, some other circuits use a six-factor version of the test similar to the 2024 Rule. *See, e.g., Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748 (9th Cir. 1979). But the Fifth Circuit has always used the five-factor test—which is also more consistent with the five *Silk* factors the Supreme Court itself endorsed—namely "degree of control, opportunities for profit or loss, investment in facilities, permanency of

5

relation, and skill required." *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311 n.9 (5th Cir. 1976) (citing *United States v. Silk*, 331 U.S. 704 (1947)). And in applying those factors, this circuit has explicitly endorsed certain factors as more probative than others, finding that "[t]wo factors have emerged as critically significant in answering this question: (1) how specialized the nature of the work is, and (2) whether the individual is 'in business for himself.'" *Castillo v. Givens*, 704 F.2d 181, 190 (5th Cir. 1983).

When the two Rules are scrutinized together to determine their consistency with precedent, the precedent in this circuit looks a lot more like the 2021 Rule than the 2024 rewrite. This undermines Defendants' misguided insistence and unsupported claim that Plaintiffs suffer no injury since the 2024 Rule reinstates a legal regime that governed Plaintiffs in 2021. DOL Br. at 29. That is simply not true. The six-factor test has *never* been the precedent in the Fifth Circuit Court of Appeals, where Plaintiffs reside and operate their businesses.

The Defendants' position also receives little help from the notion that the 2024 Rule is simply an interpretive guidance document. Surely the DOL does not mean to suggest that it will not enforce its own agency

policy by the very terms it has laid out? DOL Br. at 29. The DOL's argument strains credulity. And as Defendants know, the FLSA provides for private enforcement of their 2024 Rule in any case. At best, the DOL perhaps has a point in that, now that *Chevron* deference is no more, *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024), courts will be free to recognize the error of the 2024 Rule in such future cases. But that is no reason why this Court should not begin that process now in this case and recognize the 2024 Rule is arbitrary and capricious.

Defendants complain and bicker that "plaintiffs have never suggested that they personally have reclassified or will likely reclassify any workers because of the 2024 Rule." DOJ Br. at 30; *see also* 34 ("Plaintiffs have never claimed that they have actually incurred (or will likely incur) any monetary injury complying with some new legal requirement contained in the rule."). But that is not an accurate account of the record before this Court. As Plaintiffs explained in their brief: (1) the DOL conceded in the text of the 2024 Rule itself that costs to employers in the new Rule's first year were estimated to be $148,000,000, 89 Fed. Reg. at 1733; (2) Plaintiff employers submitted unopposed declarations in support of their motion for a preliminary

7

injunction stating that they would incur substantial financial injury with no guarantee of eventual recovery as a result of the 2024 Rule; and (3) DOL's sovereign immunity bars Plaintiffs' ability to recover costs, *Wages v. White Lions Invs., L.L.C.*, 16 F.4th 1130, 1142 (5th Cir. 2021). Opening Br. at 31-32.

Moreover, as further explained in their brief and against this backdrop of evidentiary support that Plaintiff employers will incur substantial financial injury with no guarantee of eventual recovery as a result of the 2024 Rule, it expressly states that the new Rule "is a 'significant regulatory action' under section 3(f)(1) of Executive Order 12866," 89 Fed. Reg. at 1725. Opening Br. at 7. And a "significant regulatory action" under 3(f)(1) means a rule that is likely to: "(1) have an annual effect on the economy of $200 million or more, or adversely affect in a material way a sector of the economy, productivity, competition, jobs, the environment, public health or safety, or state, local, or tribal governments or communities." Opening Br. at 7-8.

The record in this case shows that Plaintiffs filed their Motion for preliminary relief *before* the 2024 Rule took effect; Plaintiffs were not in a position to plead facts that had not yet occurred. But they did

expressly plead and support with unopposed declarations that the 2024 Rule *would* cause major disruptions to their business operations—a good-faith projection made entirely reasonable by the fact that the 2024 Rule significantly restricts, for the first time, who can be classified as an independent contractor. Plaintiff employers' projection of their substantial financial injury with no guarantee of eventual recovery as a result of the 2024 Rule is consistent with *DOL's own projection* that employers would incur costs of $148,000,000 in the 2024 Rule's first year, 89 Fed. Reg. at 1733. The DOL simply cannot square that circle.

Plaintiffs timely sought a preliminary injunction and there was no delay. Defendants curiously make much of Plaintiffs filing their Motion for preliminary relief below on March 7, 2024, DOL Br. at 32. It appears the Defendants are attempting to make more of a standing argument related to lack of a concrete harm or injury rather than an argument that Plaintiffs failed to meet the irreparable harm factor under a preliminary injunction analysis. This is improper because the district court did not deny Plaintiffs' Motion on lack of standing. Instead, the district court denied the Motion on a failure to meet the irreparable harm factor under Rule 65 and said, "In this case it appears to me that

9

the question of immediate harm hasn't been shown," ROA.315. Opening Br. at 19. But either way, the DOL Defendants doth protest too much. The filing of a preliminary injunction motion immediately *before* regulation takes effect—like the Plaintiffs' Motion here before the 2024 Rule took effect—is hardly unusual. In fact, filing a preliminary injunction motion prior to sustaining an imminent injury is precisely when a party should file such a motion. There is no dispute that the new 2024 Rule became effective on March 11, 2024, four days after Plaintiffs filed their Motion, 89 Fed. Reg. 1638. Opening Br. at 7. Plaintiffs are required to show for example that the threat of harm or injury from the 2024 Rule is substantial—meaning, "the threat must be actual and imminent, not conjectural or hypothetical." *See, e.g., Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). The March 11 effective date of the 2024 Rule was clearly imminent and thus was about to cause injury to Plaintiffs. Had they filed their Motion weeks in advance of the March 11 effective date of the 2024 Rule, the DOL would likely be clamoring that Plaintiffs' Motion was *premature* because their injury was not imminent. The DOL cannot have it both ways.

And, in fact, Plaintiffs filed their Motion for preliminary relief as

soon as they could: the same day they filed their First Amended Complaint, which included additional parties and factual allegations to support their need for preliminary relief. The fact that one of the Plaintiffs had filed an initial complaint earlier cannot prejudice those Plaintiffs who had no earlier opportunity to seek relief because they were simply not yet a part of the case. And the district court did not deny the Plaintiffs' Motion because of any delay. Contrary to Defendants' claim, Plaintiffs' Motion for a preliminary injunction was right on time—four days before the 2024 Rule took effect.

Defendants insist with a straight face that there is nothing to see here—that there can be no irreparable injury derived from the most significant policy change to the FLSA in decades. DOL Br. at 36. But there is simply no plausible basis to believe the impact of the 2024 Rule will be meaningless—a strange assertion from Defendants, who clearly thought the 2024 Rule was important enough to implement and vital enough to defend here. By contrast, Plaintiffs' good-faith pleading and unopposed declarations specifically outlining major disruptions to their business operations is a classic irreparable injury, *Nemer Jeep-Eagle*, 992 F.2d at 435. Again, "substantial financial injury" may be "sufficient

11

to show irreparable injury," especially when there is "no guarantee of eventual recovery." *Texas v. EPA*, 829 F.3d at 433; *Ala. Ass'n of Realtors*, 141 S. Ct. at 2489. And there is no possibility of recovery here: Plaintiffs have no action for damages against the federal government to regain the losses they will incur as a result of the DOL Defendants' illegal 2024 Rule. *See Wages*, 16 F.4th at 1142.

## II. The remaining preliminary injunction factors are before the Court, and this Court may render a preliminary injunction to set aside the 2024 Rule.

The DOL Defendants finally insist that the other preliminary injunction factors are not before this Court. But the denial of a preliminary injunction is very much before this Court in total.

Indeed, to rule otherwise would itself irreparably harm Plaintiffs, as a remand—which, by Defendants' own terms, would mean this Court has found Plaintiffs are suffering irreparable injury—would simply prolong their injury. This perverse outcome should not be the law, and thankfully it is not the law: this Court has jurisdiction and competence to provide Plaintiffs the necessary relief the district court denied them and render a preliminary injunction to set aside the 2024 Rule. *See Boudreaux v. La. State Bar Ass'n*, 86 F.4th 620 (5th Cir. 2023).

12

# CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court reverse the district court and render a preliminary injunction in favor of Plaintiffs and set aside the 2024 Rule.

September 6, 2024                                              Respectfully submitted,

|  |  |
|---|---|
|  | /s/ James S. Baehr |
| M.E. Buck Dougherty III* | James S. Baehr |
| Reilly Stephens | Sarah Harbison |
| Liberty Justice Center | Pelican Center for Justice |
| 13341 W. U.S. Hwy. 290, Bldg. 2 | 400 Poydras Street, # 900 |
| Austin, Texas 78737 | New Orleans, LA 70130 |
| Telephone (512) 481-4400 | Telephone (504) 475-8407 |
| bdougherty@libertyjusticecenter.org | james@pelicaninstitute.org |
| rstephens@libertyjusticecenter.org | sarah@pelicaninstitue.org |

*pending application to the Fifth Circuit

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I certify that on September 6, 2024, I caused a copy of the foregoing document to be served on all registered counsel of record via the Court's ECF filing system.

/s/ James S. Baehr
Attorney for Plaintiffs-Appellants

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, according to the Word Count software function, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 2,540 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in Word in a proportionally spaced typeface, using Century Schoolbook 14-point font.

/s/ James S. Baehr
Attorney for Plaintiffs-Appellants

September 6, 2024