IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

FRISARD'S TRANSPORTATION, L.L.C.; LOUISIANA MOTOR TRANSPORT ASSOCIATION, INCORPORATED; A & B GROUP, INCORPORATED; TRIPLE G EXPRESS, INCORPORATED; NORTHLAKE MOVING AND STORAGE, INCORPORATED,

Plaintiffs-Appellants,

v.

UNITED STATES DEPARTMENT OF LABOR; LORI CHAVEZ-DEREMER, U.S. Secretary of Labor; DONALD M. HARRISON, III, in his official capacity as Acting Administrator of the Wage and Hour Division; UNITED STATES DEPARTMENT OF LABOR, WAGE AND HOUR DIVISION,[*]

Defendants-Appellees.

No. 24-30223

## STATUS REPORT

Defendants-appellees United States Department of Labor, *et al.*, respectfully respond to this Court's directive issued March 26, 2025, directing appellees to file a comprehensive status report on April 7, 2025.

**1.** This appeal involves a challenge to a rule issued by the Department of Labor that provides interpretive guidance regarding how the Department would assess a working relationship to determine whether a worker is, as a matter of

---

[*] Pursuant to Fed. R. App. Proc. 43(c)(2), Acting Administrator Donald M. Harrison, III is automatically substituted for former Administrator Jessica Looman.

economic reality, in business for themselves (and thus are independent contractors), or economically dependent on an employer for work (and thus is an employee) under the Fair Labor Standards Act for the purposes of its own enforcement efforts. 89 Fed. Reg. 1638 (Jan. 10, 2024) (2024 Rule).

This case was originally scheduled for oral argument on February 5, 2025. There are several other challenges to the rule: two pending in other circuits, *Warren v. U.S. Dep't of Labor*, No. 2:24-cv-007 (N.D. Ga. Oct. 7, 2024), *appeal pending*, No. 24-13505 (11th Cir.), and *Colt & Joe Trucking, LLC v. U.S. Dep't of Labor*, No. 24-cv-00391, 2025 WL 56658 (D.N.M. Jan. 9, 2024), *appeal pending*, No. 25-2022 (10th Cir.); one recent district court decision, *Littman v. U.S. Dep't of Labor*, No. 3:24-cv-00194, 2025 WL 763585 (M.D. Tenn. Mar. 11, 2025); and one case pending in this circuit in the Eastern District of Texas, *Coalition for Workforce Innovation v. Su*, No. 1:21-cv-130 (E.D. Tex.).

**2.** On January 24, 2025, appellees filed an unopposed motion requesting that this Court continue the oral argument and hold this case in abeyance, with a status report due in 60 days. That motion noted that, due to the recent change in administration on January 20, 2025, there is new Department of Labor leadership, and that the new leadership would need additional time as they onboard to familiarize themselves with the issues in this case and determine how they wish to proceed here and in related litigation. The motion suggested that postponement of oral argument would promote the efficient and orderly disposition of this appeal, including by

2

ensuring that any oral argument occurring before this Court would reflect the views of current agency leadership.

This Court granted the unopposed motion to continue oral argument and denied the motion to place the case in abeyance as unnecessary. The Court's January 24 order directed that a decision regarding oral argument would be made after appellees submit a status report on or before March 25, 2025, and requested that the government provide an earlier report if reasonably possible.

**3.** On March 25, appellees submitted a status report informing the Court that the Department of Labor's new leadership had not yet determined how they wished to proceed, in part because the Department did not have any Senate-confirmed leadership until March 11. Because there had not been any change in status since the appellees' motion to continue oral argument, the government proposed to file another status report in 60 days, or earlier, if a determination had been made before then. On March 26, the Court "decline[d] the request for 60 additional days to state [appellees] position under new leadership," and directed appellees to file a "comprehensive status report" by April 7. Dkt. No. 107.

**4.** As previously noted, at the time of the appellees' last status report filed on March 25, the Department of Labor's new leadership had not yet determined its position on the merits of this case or in related litigation challenging the rule. For this same reason, the government has previously sought extensions of the briefing

3

deadline in the related Eleventh Circuit case in *Warren*, including an extension filed on March 24, 2025. *Warren v. U.S. Dep't of Labor*, No. 24-13505, Dkt. No. 27 (11th Cir.).

On the evening of April 3, the Department of Labor informed undersigned counsel that it intends to reconsider the 2024 Rule at issue in this litigation, including whether to issue a notice of proposed rulemaking rescinding the regulation. The following day, the government filed a motion for an abeyance in the Eleventh Circuit, requesting that the court place the related *Warren* appeal in abeyance pending the agency's reconsideration of the rule, because the agency's reconsideration and potential rescission of the rule may obviate the need for further litigation.[1] *Warren v. U.S. Dep't of Labor*, No. 24-13505, Dkt. No. 28 (11th Cir.). The government expects to request similar abeyances in other related challenges to the rule at issue in order to permit the Department of Labor sufficient time to complete the process of reconsidering the regulation.

5. Because the Department of Labor has represented that it intends to reconsider the regulation challenged in this litigation, the government respectfully

---

[1] The Eleventh Circuit did not act on the government's still-pending extension motion or the newly filed abeyance motion before the expiration of the government's deadline to file a brief on April 4, 2025. Accordingly, shortly before midnight on April 4, the government filed a response brief in *Warren* addressing only the *Warren* plaintiffs' standing to challenge the rule, which was the only issue addressed by the district court in that case. The government's brief noted the motions still pending before the Eleventh Circuit, and stated that, for the reasons indicated in those motions, the government was "not currently in a position to brief the merits of plaintiffs' challenge to the rule." *Warren v. U.S. Dep't of Labor*, No. 24-13505, Dkt. No. 29, at 34 (11th Cir.).

submits that it would be appropriate to place this case in abeyance pending the completion of that reconsideration process. Abeyance will greatly conserve party and judicial resources, because the agency's reconsideration and potential rescission of the rule will likely bear on the issues presented in this case and potentially obviate the need for further litigation. Postponing further litigation until the completion of this process will thus promote the efficient and orderly disposition of this appeal.

**6.** We have consulted with counsel for the appellants, who do not object to the government's proposal of an abeyance pending the Department of Labor's reconsideration of the rule challenged here. The Department is prepared to provide periodic status reports as ordered by the Court apprising this Court of the agency's progress.

Respectfully submitted,

MICHAEL S. RAAB

 /s/ Jennifer L. Utrecht 
JENNIFER L. UTRECHT
(202) 353-9039
  *Attorneys, Appellate Staff*
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave. N.W.
  Room 7710
  Washington, D.C. 20530

APRIL 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system

/s/ Jennifer L. Utrecht<br>
Jennifer L. Utrecht