IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

FRISARD'S TRANSPORTATION, L.L.C; LOUISIANA MOTOR TRANSPORT ASSOCIATION, INCORPORATED; A & B GROUP, INCORPORATED; TRIPLE G EXPRESS, INCORPORATED; NORTHLAKE MOVING AND STORAGE, INCORPORATED,

Plaintiffs-Appellants,

v.

UNITED STATES DEPARTMENT OF LABOR; LORI CHAVEZ-DEREMER, U.S. Secretary of Labor; DONALD M. HARRISON, III, in his official capacity as Acting Administrator of the Wage and Hour Division; UNITED STATES DEPARTMENT OF LABOR, WAGE AND HOUR DIVISION,

Defendants-Appellees.

No. 24-30223

**STATUS REPORT**

Defendants-appellees United States Department of Labor, *et al.*, respectfully file this status report in the above-captioned case.

As noted in the government's prior filings, the Department intends to reconsider the regulation at issue in this litigation. Consistent with the Department's expressed intent to reconsider the rule, the Wage and Hour Division published on May 1 a Field Assistance Bulletin providing that the Wage and Hour Division "will no longer apply the 2024 Rule's analysis when determining employee versus independent

contractor status in FLSA investigations."[1] As further noted in the government's prior filings, all four other cases challenging the rule at issue have been placed in abeyance. *See Warren v. U.S. Dep't of Labor*, No. 24-13505, Dkt. No. 32 (11th Cir. Apr. 14, 2025); *Littman v. Department of Labor*, No. 25-5335, Dkt. No. 11 (6th Cir. May 2, 2025); *Coalition for Workforce Innovation v. Chavez-DeRemer*, No. 1:21-cv-130, Dkt. No. 118 (E.D. Tex. Apr. 29, 2025); *Colt & Joe Trucking LLC v. U.S. Department of Labor*, No. 25-2022, Dkt. No. 20 (10th Cir. June 16, 2025).

Since the government's last status report, the Office of Management and Budget's Office of Information and Regulatory Affairs published the Spring 2025 Unified Agenda of Regulatory and Deregulatory Actions (Spring 2025 Agenda), which reports on the actions administrative agencies plan to issue in the near and long term. The Spring 2025 Agenda reports that the Department of Labor intends to issue a notice of proposed rulemaking to rescind the rule at issue in this litigation and "is considering how it will proceed with respect to independent contractor classification under the FLSA" going forward.[2] The Spring 2025 Agenda indicated an intent to publish this notice of proposed rulemaking in September (but the notice has not been published yet).

---

[1] https://www.dol.gov/sites/dolgov/files/WHD/fab/fab2025-1.pdf.

[2] https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202504&RIN=1235-AA46

2

As these developments illustrate, the Department continues to move forward with its reconsideration of the 2024 Rule at issue in this case. Defendants will notify the Court of any relevant additional developments in their next status report. The government respectfully proposes to provide another status report apprising this Court of any developments in another 60 days.

Respectfully submitted,

/s/ Jennifer L. Utrecht
MICHAEL S. RAAB
JENNIFER L. UTRECHT
(202) 353-9039
  Attorneys, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave. N.W.
  Room 7710
  Washington, D.C. 20530

OCTOBER 2025

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                              **/s/ Jennifer L. Utrecht**
                                              Jennifer L. Utrecht